■ In the Matter of DAVID CASTILLO, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner, dated June 27, 1990, which dismissed petitioner from the police department, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, transferred to this Court by order of the Supreme Court, New York County (Shirley Fingerhood, J.), dated April 3, 1991, is dismissed, without costs.

Petitioner was charged with engaging in sexual intercourse with a female under the age of 17 on two separate occasions and with knowingly acting in a manner likely to injure the physical, mental and moral welfare of a female under the age of 17 on those two occasions.

Resolution of issues of credibility rests solely with the administrative agency *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). The Hearing Officer's determination that petitioner's version of what transpired was preposterous, while noting that it corroborated key details, of the female witnesses, is supported by substantial evidence.

In view of petitioner's conduct, it may not be said that the penalty of dismissal is so disproportionate as to offend a sense of fairness *(Matter of Pell v Board of Educ., supra).* Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.